UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MICHELLE JEANMARD                    CIVIL ACTION NO. 6:16-cv-00343

VERSUS                               JUDGE DOHERTY

CHAD BRANHAM, ET AL.                 MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Pending before this Court is a motion to remand (Rec. Doc. 26), which was filed by the plaintiff, Michelle Jeanmard.  The motion is opposed.  The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  For the following reasons, it is recommended that the motion be granted.

### BACKGROUND

The plaintiff alleges that, on February 9, 2015, she was injured when the vehicle in which she was a passenger was involved in a collision on the I-10 entrance ramp in Scott, Louisiana.  The plaintiff filed suit in the 15th Judicial District Court, Lafayette Parish, Louisiana, asserting claims against Chad Branham (the alleged defendant driver), Progressive Casualty Insurance Company (Mr. Branham's alleged insurer), and Allstate Property and Casualty Insurance Company (the alleged UM insurer of the vehicle in which she was riding at the time of the accident).

Progressive removed the action to this forum. Allstate neither joined in the removal nor consented to the removal.

This Court undertook a *sua sponte* analysis of the court's subject-matter jurisdiction. Finding that it could not determine whether the parties are diverse in citizenship or whether the amount in controversy exceeds the jurisdictional threshold, this Court ordered Progressive to submit a brief addressing those issues. Upon receipt of Progressive's brief, this Court scheduled a telephone status conference. During that conference, the plaintiff represented that the amount in controversy was less than $75,000 at the time of removal and stated that a motion to remand would be filed. The instant motion to remand soon followed.

## ANALYSIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1] Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3] The party invoking subject-

---

[1]       *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010).

[2]       28 U.S.C. § 1331.

[3]       28 U.S.C. § 1332.

matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[4]   Therefore, when an action is removed from state court, the removing party bears the burden of proving that federal jurisdiction exists.[5]   In this case, Progressive must bear that burden.

## A.   PROCEDURAL DEFECTS

The "rule of unanimity," which is codified at 28 U.S.C. § 1446(b)(2)(A), states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court."   Allstate did not consent to Progressive's removal of this action, but Allstate's counsel filed an appearance (Rec. Doc. 10), and Allstate answered the complaint (Rec. Doc. 11).   During the telephone status conference of October 27, 2016, Allstate indicated its consent to the removal and agreed to file a consent to removal and an affidavit setting forth its state of incorporation and principal place of business.   (Rec. Doc. 24).   After the conference, Allstate was ordered to do so.   (Rec. Doc. 25).   Allstate did not comply with the order.

---

[4]      *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[5]      *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995).

This Court finds that the removal of this action may be procedurally defective due to the lack of consent by Allstate.  However, this issue was not raised in the plaintiff's remand motion, and it is not the basis for this Court's recommendations.

## B.   DIVERSITY OF CITIZENSHIP

The plaintiff did not argue in her remand motion that the parties are not diverse in citizenship; however, this Court finds that it is impossible, on the basis of the record as it currently exists, to determine whether the parties are diverse.

In her petition, the plaintiff alleged that she is domiciled in Louisiana.  The citizenship of a natural person is determined by the state in which he is domiciled.[6] Accordingly, the plaintiff's allegation established that she is a Louisiana citizen.

The plaintiff alleged in her petition that defendant Chad Branham resides in Texas.  Because residence and domicile are different, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[7] Evidence of a person's place of residence, however, is *prima facie* proof of his domicile.[8]  The defendants did not challenge the plaintiff's allegation regarding Mr. Branham's residence.  In the reply memorandum supporting her motion to remand,

---

[6]      *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[7]      *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[8]      *Hollinger*, 654 F.3d at 571.

the plaintiff suggested that Mr. Branham may actually be a Louisiana citizen, but stated that she cannot confirm whether he is a Louisiana citizen or a Texas citizen. This argument cannot be considered because arguments raised for the first time in a reply brief are waived.[9]

The two other defendants are corporations. A corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business.[10] In its removal notice, Progressive alleged that it was incorporated in and has its principal place of business in Ohio. (Rec. Doc. 1 at 2). No evidence was presented in support of this allegation, but this Court accepts this allegation as true.

In its removal notice, Progressive did not address Allstate's citizenship, and Allstate disregarded this Court's order to submit evidence of its state of incorporation and principal place of business. Therefore, there is no evidence in the record establishing Allstate's citizenship.

As the removing defendant, Progressive has the burden of establishing that the parties are diverse in citizenship. Progressive did not satisfy its burden, and this Court remains unable to determine whether the parties are diverse in citizenship.

---

[9]     See, e.g., *United States v. Jackson*, 426 F.3d 301, 304 n. 2 (5th Cir. 2005).

[10]    28 U.S.C. § 1332(c)(1).

-5-

## C.   THE AMOUNT IN CONTROVERSY

In her remand motion, the plaintiff challenged Progressive's contention that the amount in controversy exceeds the jurisdictional minimum.   The amount in controversy is the sum claimed by the plaintiff in his complaint if the claim was apparently made in good faith.[11]  When the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.[12]  This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount.[13] "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pleaded.  The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional amount]."[14]   Thus, the district court must first examine the

---

[11]     *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253; *De Aguilar v. Boeing Co.*, 47 F.3d at 1408.

[12]     *Simon v. Wal–Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[13]     *Simon v. Wal–Mart Stores*, 193 F.3d at 850; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[14]     *De Aguilar v. Boeing*, 47 F.3d at 1412 (emphasis in original).

complaint to determine whether it is facially apparent that the plaintiff's claims exceed the jurisdictional threshold; if it is not facially apparent, the court may then rely on summary-judgment-type evidence to ascertain the amount in controversy.[15] Any doubts as to the propriety of removal are construed strictly in favor of remand.[16]

In Louisiana, plaintiffs are not permitted to plead a specific dollar amount of damages.[17]  Therefore, the petition filed in this lawsuit does not request recovery of a specific amount.  This Court further finds, as stated in its prior order, that the amount in controversy is not apparent from the face of the plaintiff's petition.  (Rec. Doc. 17 at 3).  This finding was based on the plaintiff's allegation that she sustained alleged injuries to "her head, neck, shoulders, arms, and whole body" in the subject automobile accident but provided no information concerning the true nature or extent of her injuries.  (Rec. Doc. 1-2 at 2).  Although the plaintiff seeks to recover for her past, present, and future medical expenses, pain and suffering, mental pain and anguish, lost income and earning capacity, and other unspecified damages, neither the petition nor the removal notice nor the briefing submitted by any party in connection

---

[15]     *Luckett v. Delta Airlines*, 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[16]     *In re Hot-Hed, Inc.*, 477 F.3d 320, 324 (5th Cir. 2007); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[17]     Louisiana Code of Civil Procedure Article 893(A)(1).  See, also, *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

with the motion to remand explains the true nature and extent of the plaintiff's injuries, the type of medical care she received, the cost of her medical care, how much time she lost from work, how much she was earning on her job, or the type of medical care she is likely to require in the future.  The allegations are too vague and lacking in specificity to support a finding that the plaintiff's likely damages exceed $75,000.

In opposition to the plaintiff's remand motion, Progressive offered no summary-judgment-style evidence establishing that the amount is controversy is greater than $75,000.  Instead, Progressive continued to argue – despite this Court's earlier finding to the contrary – that it is facially apparent that this requirement for federal court jurisdiction is satisfied.  The plaintiff argued that, as of the date of removal, there was no evidence to support a finding that the amount in controversy exceeds the jurisdictional minimum.

Because this Court had previously found that the amount in controversy is not facially apparent, the removing defendant had an obligation to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold by setting forth relevant facts supported by summary-judgment-type evidence.[18]  Progressive did not satisfy that burden.  Therefore, this

---

[18]        *Simon v. Wal-Mart Stores*, 193 F.3d at 850; *Luckett v. Delta Airlines, Inc.*, 171 F.3d at  298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

Court finds that the removing defendant failed to establish that the amount in controversy exceeds the statutory minimum.

## D.   PENDING MOTIONS

There is another motion pending in this case.  Progressive filed a motion for summary judgment (Rec. Doc. 8) before the motion to remand was filed.  Absent subject-matter jurisdiction, however, a federal district court can take no action whatsoever.[19]  However, once it is established that the court lacks subject-matter jurisdiction, a district court does not err in denying any remaining pending motions as moot.[20]  Accordingly, it is recommended that the other pending motion be denied as moot due to the court's lack of subject-matter jurisdiction.

## CONCLUSION

Having found that it is not possible to determine whether the parties to this lawsuit are diverse in citizenship on the basis of the record as it currently exists, and having found that the removing defendant failed to prove that the amount in

---

[19]      "Without jurisdiction the court cannot proceed at all in any cause." *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 217 (5th Cir. 1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)), rev'd by *Ruhrgas AG v. Marathon Oil Co*., 119 S.Ct. 1563, 1567 (1999) ("Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry.").  See, also, e.g., *Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994,1000 (5th Cir. 2000).

[20]      *Bacani v. Dep't of Veterans Affairs*, 216 F.3d 1080, 1080 (5th Cir. 2000) (per curiam) (unpublished).

controversy is greater than the statutory minimum for federal-court jurisdiction, this Court recommends that the plaintiff's motion to remand be granted, recommends that this action be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana, and recommends that the pending motion for summary judgment be denied as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

-10-

Signed at Lafayette, Louisiana, on December 16, 2016.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE